Whaley, Chief Justice,
delivered the opinion of the court.
This case comes to the court on a demurrer to the petition.
Stricken of its surplus verbiage the petition alleges that the plaintiff, acting as a cobroker selling foreclosed mortgaged realty in the City of New York, discovered that numerous mutual savings banks, incorporated under State laws, had been indulging in what he considered certain malpractices in loaning money upon property fictitiously mortgaged; that the depositors of such banks were not adequately protected because the banks were not insured *373 under Federal laws; that since 1933 he had been attempting to stop these malpractices through the State agencies haying jurisdiction of such banks hut without success; that he took the matter up with the Federal Government and wrote to the Secretary of the Treasury, the Comptroller of the Currency, the Securities and Exchange Commission, and the Federal Deposit Insurance Corporation and offered suggestions and a plan for the correction of the evils; that he had objected to the Federal Deposit Insurance granting insurance to these companies but three of them had been insured (and in the amendment to the petition plaintiff alleged all other Mutual Savings Banks in the State of New York had been insured); and that he had been informed in effect by the Federal agencies named that his information and observations were very interesting but “unfortunately no statute could be found giving the Federal Government jurisdiction over State banking.”
The plaintiff claims that a fair and reasonable value of the information so furnished by him to the Federal Government is the sum of one hundred thousand dollars for which judgment is prayed.
Attached to the petition are four exhibits which are supposed to support plaintiff’s claim for remuneration. The Commissioner of the Securities and Exchange Commission replied to plaintiff’s letter stating that the Commission had no authority to take any action. The Treasury Department acknowledged receipt of plaintiff’s letter and enclosure and stated that it would receive careful consideration in connection with their study of the problem. • The Comptroller of Currency simply acknowledged receipt of the letter. The Federal Deposit Insurance Corporation replied that .“this corporation is without authority to require that [sic] all mutual savings become insured. As you know all such banks are State chartered institutions. Their affiliation with a Federal agency, consequently, must be voluntary. Insurance of deposits by this Corporation continues to be available to all mutual savings banks.”
From the above it will be seen that there has been no *374 contract, expressed or implied, made with tbe plaintiff for any service be may have rendered. Such services were purely gratuitous and were voluntarily made. From the allegations in the petition we are unable to see that they were of any value. Certainly no promise was made by any Federal agency to pay plaintiff for his efforts.
Plaintiff’s efforts were directed to the improvement of the banking situation in the State of New York and had nothing to do whatsoever with the Federal banking system. Plaintiff labored under the impression, and states in his petition, that he should be treated in the same way as others are treated under statutes covering rewards for information furnished. Plaintiff cites Title 5, Par. 416 of the United States Code which deals solely with rewards for useful suggestions of certain employees of the Navy Department; Title 8, Par. 139,140, covering reward for informers of labor violations— the transportation and soliciting of transportation or migration of contract laborers from one State to another; Title 50, Par. 58, which covers rewards for useful suggestions of employees of the War Department; and Title 19, Par. 1619, which refers to rewards for information of violations of the Custom Laws.
We know of no law which would justify an award to plaintiff for whatever service he may have rendered and certainly there has been no contract entered into by any Federal agency and plaintiff.
Plaintiff’s acts were purely voluntary and such as any good citizen might do in order to protect his Government from assumed violations or bad practices of its agencies.
We are of the opinion that no cause of action has been stated and the demurrer is therefore sustained and the petition dismissed.
It is so ordered.
Madden, Judge; WhxtakeR, Judge; and LityletoN, Judge, concur.
Jones, Judge, took no part in the decision of this case.